# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **GEIS CONSTRUCTION SOUTH, LLC,** ) | **CASE NO.  2:21-CV-02407** |
| ) | |
| Claimant  ) | **JUDGE LaSHANN DeARCY HALL** |
| ) | |
| vs.  ) | **MAGISTRATE JUDGE** |
| ) | **STEVEN TISCIONE** |
| **MDC HOME IMPROVEMENTS, INC.,**  ) | |
| ) | |
| Respondent.  ) | |
| ) | |

---

**DECLARATION OF CHRISTOPHER NUCIFORA, ESQ. IN SUPPORT OF CLAIMANT GEIS CONSTRUCTION SOUTH, LLC'S MOTION FOR AN ORDER: (A) DECLARING RESPONDENT MDC HOME IMPROVEMENTS, INC. PROPERLY SERVED WITH THE APPLICATION TO CONFIRM ARBITRATION AWARD AND SUMMONS FOR THE PURPOSES OF THE NONRESIDENT SERVICE REQUIREMENT OF 9 U.S.C. § 9; AND (B) GRANTING GEIS CONSTRUCTION SOUTH, LLC'S APPLICATION TO CONFIRM ARBITRATION AWARD**

I, Christopher Nucifora, declare as follows:

1. I am a Partner at Kaufman Dolowich Voluck LLP, one of the counsel of record for Claimant Geis Construction South, LLC ("Claimant" or "Geis"). I make this declaration in support of Claimant's Motion for an Order: (A) Declaring Respondent MDC Home Improvements, Inc. ("Respondent" or "MDC") Properly Served With The Application to Confirm Arbitration Award and Summons for the Purposes of the Nonresident Service Requirements of 9 U.S.C. § 9; and (B) Granting Claimant's Application to Confirm Arbitration Award. I make this declaration of my own personal knowledge, and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2. Attached as Exhibit A to this Declaration is a true and correct copy of the 2021.04.01 Transmission Letter from AAA.

3. Attached as Exhibit B to this Declaration is a true and correct copy of the Final Award of Arbitration Panel issued by AAA.

4. Attached as Exhibit C to this Declaration is a true and correct copy of the Subcontract Agreement between GEIS and MDC.

5. The Arbitration between Claimant and Respondent took place in Cleveland, Ohio on March 11, 2021.

6. After a private process server retained by Claimant to serve Respondent with the Application to Confirm Arbitration Award and Summons was unsuccessful at serving Respondent, on June 7, 2021, Claimant obtained two additional addresses for Respondent through the use of a paid skip-trace search.

7. Although service upon Respondent by private process server successfully occurred on June 15, 2021, out of an abundance of caution, Claimant arranged in July 2021 to have the U.S. Marshal's office in the Eastern District of New York ("U.S. Marshal") attempt to serve the Application to Confirm Arbitration Award and Summons upon Respondent pursuant to 9 U.S.C. § 9 ["[i]f the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court"].

8. On approximately July 20, 2021, the U.S. Marshal informed Claimant's counsel that the U.S. Marshal had 90 days from July 1, 2021 to serve the Application to Confirm Arbitration Award and Summons and it would send back proof of service to the Court after service occurred.

9. On August 20, 2021, the U.S. Marshal informed Claimant's counsel that the Application to Confirm Arbitration Award and Summons had been assigned to a Marshal and that the Marshal was in the process of scheduling service upon Respondent.

10. On approximately September 13, 2021, Claimant's counsel was told by the U.S. Marshal that the office had made two unsuccessful attempts to serve Respondent and would attempt service one final time.

11. On September 24, 2021, the U.S. Marshal advised Claimant's counsel that the third attempt for service over Respondent was also unsuccessful.

12. Claimant's counsel was further advised that Claimant's packet would be sent to the Court, that the Court would either send the packet back to Claimant counsel's office attention or reach out to Claimant's counsel to request payment in order for the U.S. Marshal's office to attempt service over Respondent once again.

13. Accordingly, over two-and-a-half months passed from when Claimant first scheduled service through the U.S. Marshal's office until when we received notification from the Marshal's office that its third attempt at service was unsuccessful.

14. Between: (i) paying a courier to obtain a certified copy of the Application to Confirm Arbitration Award; and (ii) paying the U.S. Marshal's office to attempt service, Claimant incurred approximately $600 in this unsuccessful service effort. In trying a second time to have the U.S. Marshal's office attempt service, Claimant will be required to incur further costs.

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: October 7, 2021        Respectfully submitted,


                                     /s/ Christopher Nucifora
                                    Chris Nucifora