# EXHIBIT B

AMERICAN ARBITRATION ASSOCIATION
CONSTRUCTION INDUSTRY ARBITRATION TRIBUNAL

| | |
|---|---|
| GEIS CONSTRUCTION SOUTH, LLC ) | AAA CASE NO. 01-20-0005-2715 |
| ) | |
| Claimant ) | |
| ) | |
| vs. ) | FINAL AWARD |
| ) | |
| MDC HOME IMPROVEMENTS, INC. ) | |
| ) | |
| Respondent ) | |

We, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the arbitration agreement provisions contained within the subcontracts, dated June 18, 2019 and October 22, 2019, entered into between Claimant, Geis Construction South, LLC, represented by Aaron Evenchik, Esq. of the firm of Hahn, Loeser & Parks, LLP, and Respondent, unrepresented, having been duly sworn, and having duly heard the proofs and allegations of Claimant and the Respondent having failed to appear after due notice by mail in accordance with the Rules of the American Arbitration Association, hereby AWARD as follows:

I. INTRODUCTION

On or about May 15, 2020, Claimant, Geis Construction South, LLC, filed its Demand for Arbitration, pursuant to the Construction Arbitration Rules of the American Arbitration Association. Respondent, MDC Home Improvements, Inc., never responded to the Demand.

A Preliminary Hearing Scheduling Order was entered on August 14, 2020. It provides for the Award to be in the Standard form containing a concise written breakdown.

The hearing in this matter was held on March 11, 2021. Respondent did not appear at the hearing and the Panel proceeded to hear testimony after a sufficient period of time to allow

Respondent's representatives to appear. Claimant offered numerous and extensive exhibits in support of its claims at the hearing, all of which were admitted into evidence. Exhibit G established that Respondent was properly served with Claimant's Demand for Arbitration.

## II. FACTUAL BACKGROUND

This dispute is about a project in Hoboken, NJ referred to as The Wonder Lofts ("the Project"). In connection with the Project, Claimant and Respondent entered into two subcontracts (Exhs. A-1, A-2), one with a scope including concrete, CMU, masonry, and site work/earth work, and the other with a scope of masonry/brick repair. Eventually, Respondent, according to the testimony of Mr. Kevin Watts, Claimant's Project Manager, abandoned its work on the Project, leaving Claimant to complete it. To this day, the Project continues.

There is no question that Respondent breached the subcontracts it entered into with Claimant causing it substantial damage, and the Panel so finds. As to damages suffered by Claimant resulting from Respondent's breach of the two subcontracts, Claimant presented testimony from Mr. Watts and extensive documentary evidence, summarized in Exhibit D as follows:

**MDC Concrete Summary          2/24/2021**

| | |
|---|---|
| MDC Contract Amount | $7,678,660.00 |
| MDC Change Orders | ($11,163,439.51) |
| Revised Contract Value | ($3,484,779.51) |
| MDC Previously Paid | $5,536,775.19 |
| Current Amount owed to Geis from MDC | ($9,021,554.70) |
| Projected Amount to Complete (Sitework, D & E Roof, Punchlist Work) | $977,355.88 |
| Projected MDC Deficit | ($9,998,910.58) |

{01551701-1}

**Masonry Summary          2/24/2021**

| | |
|---|---:|
| MDC Contract Value | $1,013,758.22 |
| MDC Change Orders - Cost to Complete | ($774,114.36) |
| Revised Contract Value | $239,643.86 |
| MDC Previously Paid | $130,447.14 |
| Projected Amount to Complete (Balance of J&G Contract) | $65,000.00 |
| MDC Deficit | $44,196.72 |
| **Total Deficit Between Contracts** | **($9,954,713.86)** |

The Panel finds that Claimant proved it was damaged in the amount of $9,954,713.86, as shown on Exhibit D.

Claimant has also made a claim for attorney's fees, pursuant to Sections 9.17 and 18.3 of the subcontracts. Exhibit D and written exhibits supported by oral testimony from Claimant's counsel were admitted into evidence establishing that Claimant's attorney's fees total $45,139.75. The Panel finds that both the hourly rates charged and the amount of work done by Claimant's law firm were reasonable and necessary. Claimant, therefore, is entitled to recover its attorney's fees.

### III. AWARD

The Panel awards Claimant damages plus attorney's fees in the total amount of $9,999,853.61.

The administrative fees of the American Arbitration Association totaling $14,700.00 and the compensation of the Arbitrators totaling $7,277.50, shall be borne by Respondent.

{01551701-1}

3

Therefore, Respondent shall reimburse Claimant the sum of $21,977.50, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimant.

The above sums are to be paid on or before ten (10) days from the date of this Award. Thereafter, interest shall accrue at the statutory rate then in effect.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

_____  
ARBITRATOR, DONALD W. GREGORY

3-29-21  
DATE

_____  
ARBITRATOR, JOSEPH B. JEROME

_____  
DATE

_____  
ARBITRATOR, DAVID A. SCHAEFER

_____  
DATE

{01551701-1}

4

Therefore, Respondent shall reimburse Claimant the sum of $21,977.50, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimant.

The above sums are to be paid on or before ten (10) days from the date of this Award. Thereafter, interest shall accrue at the statutory rate then in effect.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

_____  _____
ARBITRATOR, DONALD W. GREGORY      DATE

_____  _____
ARBITRATOR, JOSEPH B. JEROME       3/25/21
                                   DATE

_____  _____
ARBITRATOR, DAVID A. SCHAEFER      3/29/21
                                   DATE

{01551701-1}

4