# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **GEIS CONSTRUCTION SOUTH, LLC,** | ) | |
| | ) | |
| **Claimant** | ) | **CASE NO. 2:21-CV-02407** |
| **v.** | ) | |
| | ) | |
| **MDC HOME IMPROVEMENTS, INC.,** | ) | **JUDGE LaSHANN DeARCY HALL** |
| | ) | |
| **Respondent** | ) | **MAGISTRATE JUDGE STEVEN** |
| | ) | **TISCIONE** |
| | ) | |
| | ) | **CLAIMANT GEIS CONSTRUCTION** |
| | ) | **SOUTH, LLC'S MEMORANDUM IN** |
| | ) | **SUPPORT OF MOTION FOR AN** |
| | ) | **ORDER: (A) DECLARING** |
| | ) | **RESPONDENT MDC HOME** |
| | ) | **IMPROVEMENTS, INC. PROPERLY** |
| | ) | **SERVED WITH THE APPLICATION** |
| | | **TO CONFIRM ARBITRATION AWARD** |
| | | **AND SUMMONS FOR THE PURPOSES** |
| | | **OF THE NONRESIDENT SERVICE** |
| | | **REQUIREMENT OF 9 U.S.C. § 9; AND** |
| | | **(B) GRANTING GEIS CONSTRUCTION** |
| | | **SOUTH, LLC'S APPLICATION TO** |
| | | **CONFIRM ARBITRATION AWARD** |

**SERVED VIA EMAIL AND REGULAR U.S. MAIL ON OCTOBER 7, 2021**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

STATEMENT OF FACTS .................................................................................................. 2

LAW AND ARGUMENT ................................................................................................... 5

    A. The Court Should Declare That Respondent Was Properly Served With the Application to Confirm Arbitration Award and Summons For The Purposes of the Nonresident Service Requirement of 9 U.S.C. ¶§ 9 ............................................................................................ 5

        1. Claimant has properly served Respondent with the Application to Confirm Arbitration Award and Summons for the purposes of 9 U.S.C. § 9 ................................................ 5

            a. Courts have routinely held that service of the Application to Confirm Arbitration Award and Summons under Fed. R. Civ. P. 4 satisfies the nonresident service requirement of 9 U.S.C. § 9 ................................................................................. 6

            b. Federal courts have found the 9 U.S.C. § 9 [and the verbatim 9 U.S.C. § 12] nonresident service requirement was satisfied even where service did not comply with Fed. R. Civ. P. 4…………………………………………………………10

            c. A declaration that Respondent was properly served is appropriate under these circumstances ................................................................................................ 11

    B. THE COURT SHOULD GRANT CLAIMANT'S APPLICATION TO CONFIRM ARBITRATION ............................................................................................................ 13

        1. Applicable Law ....................................................................................................... 13

        2. The Court should confirm the Arbitration Award .................................................... 15

CONCLUSION................................................................................................................... 18

i

# TABLE OF AUTHORITIES

## Cases

*Amazon.com, Inc. v. Arobo Trade, Inc.*, No. C17-0804JLR, 2017 WL 3424976,
(W.D. Wash. Aug. 9, 2017) ................................................................................. 1,8-9,13

*D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006) ....................................... 14

*Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383 (2d Cir.2003) .............. 14

*Gronager v. Gilmore Sec. & Co.*, No. 93 CIV. 1484 (LMM), 1993 WL 212749
(S.D.N.Y. June 11, 1993) ................................................................................................ 10

*Hellmich v. Mastiff Contracting, LLC*, No. SACV 14-1354-DOC (ANx), 2014 WL 12855835
(C.D. Cal. September 26, 2014) ...................................................................................... 10

*Ideavillage Prod. Corp. v. A1559749699-1*, 2020 WL 4248508 (S.D.N.Y. July 21, 2020) ........ 11

*In re Certain -Default- Motions Brought o/b/o Trustees of Empire State Carpenters Annuity,
Apprenticeship, Lab.-Mgmt. Coop., Pension & Welfare Funds*, No. CIV.A. 13-6364 ADS G,
2015 WL 968125 (E.D.N.Y. Feb. 27, 2015) .................................................................. 7

*In re Coudert Bros. LLP*, No. 06-12226 (RDD), 2017 WL 2911589
(Bankr. S.D.N.Y. July 6, 2017) ....................................................................................... 6

*Jefferies LLC v. Gegenheimer*, 849 F. App'x 16 (2d Cir. 2021) ............................................ 14-15

*Krantz & Berman LLP v. Dalal*, 472 F. App'x 76 (2d Cir. 2012) ............................................. 14

*Landau v. Eisenberg*, 922 F.3d 495 (2d Cir. 2019) ............................................................. 12, 14

*LG Electronics Mobilecomm U.S.A., Inc. v. Reliance Communications, LLC*,
(S.D. Cal. May 3, 2018) ................................................................................................... 8-9

*Mandell v. Reeve*, 510 F. App'x 73 (2d Cir. 2013) ...................................................... 14

*Matter of Arb. between InterCarbon Bermuda, Ltd. & Caltex Trading & Transp. Corp.*,
146 F.R.D. 64 (S.D.N.Y. 1993) ....................................................................................... 8

*Matter of Arbitration Between Trans Chemical Ltd. and China Nat. Machinery Import and
Export Corp.,* 978 F. Supp. 266 (S.D. Tex.1997) ......................................................... 9

*Matter of Lauritzen Kosan Tankers (Chem. Trading, Inc.)*,
903 F. Supp. 635 (S.D.N.Y. 1995) ...................................................................... 6, 10

*May Fin. Corp. v. Granger Meadows, Ltd.*, 2003 WL 21246130 (N.D. Tex. Mar. 31, 2003)....... 9

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1 (1983) ................... 8,12

*Pfeffer v. Wells Fargo Advisors, LLC*, 723 F. App'x 45 (2d Cir. 2018) ................................. 14-15

*Reed & Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268 (2d Cir. 1971) ....................... 6

*Round Table Franchise Corp. v. Pizza Bytes, Inc.*,
2020 WL 10221070 (N.D. Ga. Dec. 29, 2020)........................................................... 7-8

*Seneca Nation of Indians v. New York*, 988 F.3d 618 (2d Cir. 2021).......................................... 13

*T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329 (2d Cir. 2010)...................... 14

*Trustees of Empire State Carpenters Annuity, Apprenticeship, Lab.-Mgmt. Cooperation, Pension
& Welfare Funds v. Arbor Concrete Corp.*, 2015 WL 1396475 (E.D.N.Y. Mar. 25, 2015).......... 7

*Trustees of Empire State Carpenters Annuity, Apprenticeship, Lab.-Mgmt. Cooperation, Pension
& Welfare Funds v. BCM Drilling Co.*, 2015 WL 1247085 (E.D.N.Y. Mar. 18, 2015) ............... 7

*Trustees of Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt.
Cooperation Funds v. Drywall & Acoustics of Ne., Inc.*,
2019 WL 5963689 (E.D.N.Y. Nov. 12, 2019)........................................................... 14

*Trs. of the Local 807 Labor Mgmt. Health Fund v. Express Haulage Co.*,
2008 WL 4693533 (E.D.N.Y. 2008).......................................................................... 15

*United Cmty. Bank v. Angarita*, No. 2010 WL 2775372 (W.D.N.C. July 13, 2010).. ................. 9

*United States v. Brenes*, 2020 WL 8994925 (S.D. Fla. July 23, 2020) ....................................... 11

*United States v. Shiffman*, 2021 WL 4208697 (M.D. Fla. April 16, 2021) ................................. 11

*Ventureforth Holdings LLC v. Joseph*, 80 F. Supp. 3d 147 (D.D.C. Feb. 20, 2015)................. 7, 9

*Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9
(2d Cir. 1997)............................................................................................................ 14

**Statutes**

9 U.S.C. § 9 ....................................................................... 1, 2, 3, 5, 6, 7, 8, 9, 10, 13, 18

9 U.S.C. § 12 ................................................................................................................... 4, 7

9 U.S.C. § 13 ...................................................................................................................... 1

9 U.S.C. § 1-16 .................................................................................................................. 5

**Court Rules**

*Local Civil R.* 7.1 ............................................................................................................. 1

Fed. R. Civ. P. 4, *et seq.*................................................................................. 1, 5-6, 7, 8, 10, 13

I.     **INTRODUCTION**

Pursuant to Local Civil Rule 7.1 and 9 U.S.C. §§ 9 and 13, Claimant Geis Construction South, LLC ("Geis" or "Claimant") hereby moves for an Order: (a) declaring that Respondent MDC Home Improvements, Inc. ("Respondent" or "MDC") was properly served with the Application to Confirm Arbitration Award and Summons for the purposes of the nonresident service requirement of 9 U.S.C. § 9; (b) granting the Application to Confirm Arbitration Award in the principal amount of **$10,021,831.10** along with "interest…at the statutory rate then in effect" starting on **April 11, 2021**; and (c) entering a judgment in favor of Claimant and against Respondent in the same amount.  Claimant's Motion should be granted for the following reasons:

**First**, the Court should issue an Order declaring that Claimant was properly served with the Application to Confirm Arbitration Award and Summons for the purposes of the nonresident service requirement of 9 U.S.C. § 9, because: (i) numerous federal courts have determined that the nonresident service requirement of 9 U.S.C. § 9 is satisfied by effectuating service under Federal Rule of Civil Procedure 4, including service by the use of a private process server; (ii) Claimant successfully served Respondent under Federal Rule of Civil Procedure 4(h)(1)(B), and, therefore, the Court can be confident that Respondent **_has received_** the Application to Confirm Arbitration Award and Summons; and (iii) requiring Claimant to further push forward its longstanding efforts to obtain service by the U.S. Marshal, incurring additional costs with each successive round of attempts, would frustrate the "policy of rapid and unobstructed enforcement of arbitration agreements[.]" _Amazon.com, Inc. v. Arobo Trade, Inc._, No. C17-0804JLR, 2017 WL 3424976, at *4 (W.D. Wash. Aug. 9, 2017).

**Second**, the Court should: (i) grant the Application to Confirm Arbitration Award in the principal amount of **$10,021,831.10** along with "interest…at the statutory rate then in effect"

1

starting on **April 11, 2021**; and (ii) enter a judgment in favor of Claimant and against Respondent in the same amount. The Arbitration Award contained a cogent explanation of the reasons behind its findings, setting forth: (i) the key facts; and (ii) concluding that the subcontracts were breached. This explanation far exceeds the "barely colorable justification for the outcome reached by the arbitrator" required under Second Circuit law. Furthermore, while all that is required is "some grounds" upon which to grant the damages, the Arbitration Panel tabulated the damages based on the testimony of Claimant's project manager and the "extensive documentary evidence" presented by Claimant. Taken together, the Arbitration Award easily exceeds the requirements necessary under Second Circuit case law for the Court to confirm the Arbitration Award.

For these reasons and the reasons set forth below, Claimant respectfully requests that the Court grant this Motion and enter an Order: (a) declaring that Respondent MDC Home Improvements, Inc. was properly served with the Application to Confirm Arbitration Award and Summons for the purposes of the nonresident service requirement of 9 U.S.C. § 9; (b) granting the Application to Confirm Arbitration Award in the principal amount of **$10,021,831.10** along with "interest…at the statutory rate then in effect" starting on **April 11, 2021**; and (c) entering a judgment in favor of Claimant and against Respondent in the same amount.

## II.   STATEMENT OF FACTS

On April 1, 2021, an Arbitration Panel issued an Award against Respondent MDC Home Improvements, Inc. and in favor of Claimant Geis Construction South, LLC.  *See* 2021.04.01 Transmission Letter from AAA [attached as Ex. A to Declaration of Christopher Nucifora ("Nucifora Decl.")]; *see also* Final Award of Arbitration Panel [attached as Ex. B to Nucifora Decl.]. The Arbitration took place in Cleveland, Ohio on March 11, 2021. *See* Final Award of Arbitration Panel [attached as Ex. B to Nucifora Decl. ("[t]he hearing in this matter was held on

2

March 11, 2021")]; [Nucifora Decl. at ¶ 5]. Respondent is a citizen of New York based in the Eastern District of New York.[1] *See* Subcontract Agreement at 1 [attached as Ex. C to Nucifora Decl. (listing Respondent's address as 151 S. 11th Street, Lindenhurst, New York 11757)]; Filed Affidavit of Service [Doc. No. 11, PageID# 584 (showing service of Respondent's President Jaime Delahunt at 1 Argyle Road, Plainview, NY 11803)]. On April 30, 2021, Claimant filed its Application to Confirm Arbitration Award. *See* Application to Confirm Arbitration Award [ECF No. 1-1, PageID # 3 *et seq*].

After a private process server retained by Claimant to serve Respondent with the Application to Confirm Arbitration Award and Summons was unsuccessful at serving Respondent, on June 7, 2021, Claimant obtained two additional addresses for Respondent through the use of a paid skip-trace search. [Nucifora Decl. at ¶ 6]. Using these two new addresses for Respondent, the Application to Confirm Arbitration Award and Summons were served upon Respondent by private process server at the following address on June 15, 2021: 1 Argyle Road, Plainview, NY 11803. *See* Filed Affidavit of Service [Doc. No. 11, PageID# 584]. The Affidavit of Service was filed with this Court. *See* Filed Affidavit of Service [Doc. No. 11, PageID# 584].

Although service upon Respondent by private process server successfully occurred on June 15, 2021, in an abundance of caution, Claimant also arranged in July 2021 to have the U.S. Marshal's office in the Eastern District of New York ("U.S. Marshal") attempt to serve the Application to Confirm Arbitration Award and Summons upon Respondent pursuant to 9 U.S.C. § 9 ["[i]f the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court"]. [Nucifora Decl. at ¶ 7]. To that end, Claimant obtained from this Court a

---

[1] Jaime Delahunt is the President of Respondent. *See* Subcontract at 17 (signing subcontract of President of Respondent) [attached as Ex. C to Nucifora Decl.].

reissued summons on June 24, 2021 with the updated address for Respondent. [*See* Reissued Summons, Doc. No. 13, PageID# at 587-588].

On approximately July 20, 2021, the U.S. Marshal informed Claimant's counsel that the U.S. Marshal had 90 days from July 1, 2021 to serve the Application to Confirm Arbitration Award and Summons and it would send back proof of service to the Court after service occurred. [Nucifora Decl. at ¶ 8]. On August 20, 2021, the U.S. Marshal informed Claimant's counsel that the Application to Confirm Arbitration Award and Summons had been assigned to a Marshal and that the Marshal was in the process of scheduling service upon Respondent. [Nucifora Decl. at ¶ 9].

On approximately September 13, 2021, Claimant's counsel was told by the U.S. Marshal that the office had made two unsuccessful attempts to serve Respondent and would attempt service one final time. [Nucifora Decl. at ¶ 10].  On September 24, 2021, the U.S. Marshal advised Claimant's counsel that the third attempt for service over Respondent was also unsuccessful. [Nucifora Decl. at ¶ 11]. Claimant's counsel was further advised that Claimant's packet would be sent to the Court, that the Court would either send the packet back to Claimant counsel's office attention or reach out to Claimant's counsel to request payment in order for the U.S. Marshal's office to attempt service over Respondent once again. [Nucifora Decl. at ¶ 12]. On October 6, 2021, a U.S. Marshal Process Receipt and Return was filed on the Court docket, reflecting the three unsuccessful service attempts. *See* Filed Re-Issued Summons Returned Unexecuted [Doc. No. 15, PageID# 594].

Accordingly, the unsuccessful process of attempting service three times took the U.S. Marshal over two-and-a-half months to complete. [Nucifora Decl. at ¶ 13].  Claimant incurred approximately $600 in this unsuccessful service effort between: (i) paying a courier to obtain a

certified copy of the Application to Confirm Arbitration Award; and (ii) paying the U.S. Marshal's office to attempt service. [Nucifora Decl. at ¶ 14]. Claimant will be required to incur further costs if required for a second time to have the U.S. Marshal's office attempt service. *Id.*

## III. LAW AND ARGUMENT

### A. <u>The Court Should Declare That Respondent Was Properly Served With the Application to Confirm Arbitration Award and Summons For The Purposes of the Nonresident Service Requirement of 9 U.S.C. ¶§ 9.</u>

#### 1. Claimant has properly served Respondent with the Application to Confirm Arbitration Award and Summons for the purposes of 9 U.S.C. § 9.

Claimant and Respondent's Arbitration proceedings are governed and controlled by the Federal Arbitration Act, 9 U.S.C. §§ 1-16. The Arbitration occurred in Cleveland, Ohio and Respondent is a citizen of New York located in the Eastern District of New York.[2] *See* Final Award of Arbitration Panel [attached as Ex. B to Nucifora Decl. ("[t]he hearing in this matter was held on March 11, 2021")]; [Nucifora Decl. at ¶ 5]; Subcontract Agreement at 1 [attached as Ex. C to Nucifora Decl. (listing Respondent's address as 151 S. 11th Street, Lindenhurst, New York 11757)]; Filed Affidavit of Service [Doc. No. 11, PageID# 584 (showing service of Respondent's president Jaime Delahunt at 1 Argyle Road, Plainview, NY 11803)].

Given that Respondent is a nonresident of the district within which the arbitration award was made, under 9 U.S.C. § 9, Claimant's Application to Confirm Arbitration Award "shall be served [upon Respondent] by the marshal of any district within which the adverse party may be found in a like manner as other process of the court":

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified,

---

[2] Jaime Delahunt is the President of Respondent. *See* Subcontract at 17 (signing subcontract of president of Respondent) [attached as Ex. C to Nucifora Decl.].

or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. ***Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.*** If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. ***If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court***.

9 U.S.C. § 9 (emphasis added).

> **a.** **Courts have routinely held that service of the Application to Confirm Arbitration Award and Summons under Fed. R. Civ. P. 4 satisfies the nonresident service requirement of 9 U.S.C. § 9.**

Federal courts nationwide have repeatedly recognized that the service requirement of nonresidents [of the district within which the arbitration award was made—in this case, the U.S. District Court for the Northern District of Ohio] under 9 U.S.C. § 9 ["[i]f the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court"] is satisfied through service that complies with Fed. R. Civ. P. 4.  In *Reed & Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268, 1277 (2d Cir. 1971) (emphasis added), the Second Circuit stated that "[t]he phrase 'in like manner as other process of the court' found in § 9 of the Arbitration Act refers to ***Fed. R. Civ. P. 4*** on the accomplishment of appropriate service"; *see also Matter of Lauritzen Kosan Tankers (Chem. Trading, Inc.)*, 903 F. Supp. 635, 637 (S.D.N.Y. 1995) (*citing Reed*, 439 F.2d at 1277) (emphasis added) ("[t]he phrase 'in like manner as other process of the court' included in the FAA refers to ***Rule 4 of the Federal Rules of Civil Procedure***"); *In re Coudert Bros. LLP*, No. 06-12226 (RDD), 2017 WL 2911589, at *4 (Bankr. S.D.N.Y. July 6, 2017) (*citing Reed*, 439 F.2d at 1277) (emphasis added) ("[t]he Second Circuit has noted that the final sentence in Section 9 describing that service on nonresidents requires that service be 'in like

6

manner as other process by the court' means that a plaintiff seeking to confirm an arbitration award need only comply with the requirements of ***Fed. R. Civ. P. 4*** for initial service of process of regular civil suits"); *Ventureforth Holdings LLC v. Joseph*, 80 F. Supp. 3d 147, 148 (D.D.C. Feb. 20, 2015) (emphasis added) ("this Court holds that service of a nonresident complies with § 9 of the FAA if service is provided in accordance with ***Rule 4 of the Federal Rules of Civil Procedure***"); *Round Table Franchise Corp. v. Pizza Bytes, Inc.*, No. 1:20-CV-4914-LMM, 2020 WL 10221070, at *1 (N.D. Ga. Dec. 29, 2020) (emphasis added) ("this Court agrees with persuasive authorities in the District of Columbia, among others, which have held that 'in like manner as other process of the court' [in 9 U.S.C. § 9] includes the service methods of ***Rule 4*** [of the Federal Rules of Civil Procedure]").[3]

Federal district courts have noted that requiring service of respondents via a U.S. Marshal ignored the fact that U.S. Marshals have largely been out of the summons service business since the revisions of the Federal Rules of Civil Procedure in the early 1980s. The U.S. District Court for the Southern District of New York, as far back as 1993, characterized the service requirement of 9 U.S.C. § 12 [which contains the identical key language][4] as an "anachronism":

---

[3] While a magistrate judge in the U.S. District Court for the Eastern District of New York did note that a claimant's "reliance on Rule 4 under the Federal Rules of Civil Procedures for service of process is…misplaced," (i) the court did not address the issue of whether service under Rule 4 in fact satisfied the service requirement of 9 U.S.C. § 9 or whether service by a U.S. Marshal was required; and (ii) the magistrate judge recommended that "the arbitration awards…be confirmed." *In re Certain -Default- Motions Brought o/b/o Trustees of Empire State Carpenters Annuity, Apprenticeship, Lab.-Mgmt. Coop., Pension & Welfare Funds*, No. CIV.A. 13-6364 ADS G, 2015 WL 968125, at *5 (E.D.N.Y. Feb. 27, 2015), *report and recommendation adopted sub nom. Trustees of Empire State Carpenters Annuity, Apprenticeship, Lab.-Mgmt. Cooperation, Pension & Welfare Funds v. BCM Drilling Co.*, No. 13-CV-6364 ADS GRB, 2015 WL 1247085 (E.D.N.Y. Mar. 18, 2015), and *report and recommendation adopted sub nom. Trustees of Empire State Carpenters Annuity, Apprenticeship, Lab.-Mgmt. Cooperation, Pension & Welfare Funds v. Arbor Concrete Corp.*, No. 14-CV-2893 JS GRB, 2015 WL 1396475 (E.D.N.Y. Mar. 25, 2015).

[4] *See* 9 U.S.C. § 9 ("If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court"); 9 U.S.C. § 12 ("If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court").

not only because it cannot account for the internationalization of arbitration law subsequent to its enactment, but also because it cannot account for the subsequent abandonment of United States marshals as routine process servers. Amendments to the Federal Rules of Civil Procedure in the early 1980s substantially changed the identity of those who may serve process. "[P]rior to 1980, the marshal was the stated summons server unless there was a person 'specially appointed' by the court to make service." *Changes in Federal Summons Service Under Amended Rule 4 of the Federal Rules of Civil Procedure,* 96 F.R.D. 81, 94 (1983). The "ostensibly principal purpose" of the amendments was to "tak[e] the marshals out of summons service almost entirely." *Id.*

*Matter of Arb. between InterCarbon Bermuda, Ltd. & Caltex Trading & Transp. Corp.*, 146 F.R.D. 64, 67 (S.D.N.Y. 1993); *see also Round Table Franchise Corp. v. Pizza Bytes, Inc.*, No. 1:20-CV-4914-LMM, 2020 WL 10221070, at *1 (N.D. Ga. Dec. 29, 2020) (rule that service requirement of 9 U.S.C. § 9 is satisfied by service consistent with Fed. R. Civ. P. 4 "is consistent with the statutory text and the Rules Committee's intention to 'relieve[ ] the marshal's offices of much of the burden of serving the summons' through the 1983 amendment to Rule 4. Fed. R. Civ. P. 4, Advisory Committee Note to 1993 Amendment. 'Subdivision (c) eliminates the requirement for service by the marshal's office in actions in which the party seeking service is in the United States'").

In addition to recognizing that U.S. Marshals were taken "out of summons service almost entirely," by civil rules revisions in the early 1980s, federal courts have recognized that requiring service by a U.S. Marshal runs counter to the Federal Arbitration Act's policies of speed and efficiency:

> Requiring an FAA petitioner to effect service on nonresident respondents via United States Marshal—rather than by utilizing the menu of otherwise satisfactory options under Federal Rule of Civil Procedure 4—would "frustrate[ ] the [FAA's] policy of rapid and unobstructed enforcement of arbitration agreements." *Moses H. Cone*, 460 U.S. at 23.

*Amazon.com, Inc. v. Arobo Trade, Inc.*, No. C17-0804JLR, 2017 WL 3424976, at *4 (W.D. Wash. Aug. 9, 2017); *see also LG Electronics Mobilecomm U.S.A., Inc. v. Reliance Communications, LLC*, No. 18-cv-0250-BAS-RBB, 2018 WL 2059559, at *2-3 (S.D. Cal. May 3, 2018) (citing the

FAA's "policy of rapid and unobstructed enforcement of arbitration agreements" and noting that "unnecessary delay in the confirmation of LG's Award would result merely as a matter of compliance with an interpretation of Section 9 that is no longer viable").

For all of these reasons, federal courts have held that service of a nonresident respondent through a private process server satisfied the nonresident service requirements of 9 U.S.C. § 9:

> Although Plaintiff's application was served by a *private process server*, and § 9 requires that "the application shall be served by the marshal of any district within which the adverse party may be found," § 9 "cannot be taken as the proper standard for service of process ... because it cannot account for the subsequent abandonment of United States marshals as routine process servers." *Matter of Arbitration Between Trans Chemical Ltd. and China Nat. Machinery Import and Export Corp.,* 978 F.Supp. 266, 300 & n.138 (S.D.Tex.1997). Thus, under Federal Rule of Civil Procedure 4(h)(1), [*nonresident*] Defendant was properly served.

*May Fin. Corp. v. Granger Meadows, Ltd.,* No. CIV.A.3:02-CV-2482-L, 2003 WL 21246130, at *2 n.1 (N.D. Tex. Mar. 31, 2003) (emphasis added); *Amazon.com, Inc.*, 2017 WL 3424976, at *4 (emphasis added) ("[b]ecause the FAA can be fairly read to impose a requirement  upon the court and the United States Marshal, rather than to constrain the petitioner's options for effecting service, the court concludes that serving a *nonresident* respondent via *process server*, in accordance with Rule 4, satisfies Section 9 of the FAA" and "Amazon has therefore satisfied all of Section 9's requirements, and the court grants Amazon's petition to confirm its arbitration award"); *see also LG Electronics Mobilecomm U.S.A., Inc. v. Reliance Communications, LLC*, No. 18-cv-0250-BAS-RBB, 2018 WL 2059559, at *2-3 (S.D. Cal. May 3, 2018) (emphasis added) (where *nonresident* respondent was served by "*private service provider*" under Fed. R. Civ. P. 4(h), respondent "properly received notice in accordance with Section 9 of the FAA"); *Ventureforth Holdings LLC v. Joseph*, 80 F. Supp. 3d 147, 148-149 (D.D.C. Feb. 20, 2015) (emphasis added) (service of application upon *nonresident* respondent "by *private process server*" "satisfied the requirements of Rule 4 and § 9 of the FAA"); *United Cmty. Bank v. Angarita*, No. 1:09CV307,

2010 WL 2775372, at *2 (W.D.N.C. July 13, 2010) (emphasis added) ("[t]he phrase 'in like manner as other process of the court found in § 9 of the Arbitration Act refers to Fed. R. Civ. P. 4 on the accomplishment of appropriate service"; while "[s]ervice was not effected through the use of a United States Marshal," claimant's service upon *nonresident* respondents by "*individual service*" "properly effected service pursuant to Rule 4(e)").

### b. Federal courts have found the 9 U.S.C. § 9 [and the verbatim 9 U.S.C. § 12] nonresident service requirement was satisfied even where service did not comply with Fed. R. Civ. P. 4.

Federal courts, *including at least two federal courts in New York*, have found that the service requirement of 9 U.S.C. § 9 [and the verbatim 9 U.S.C. § 12] were satisfied even where proper service of the application upon nonresident respondents did not comply with Fed. R. Civ. P. 4. *See Hellmich v. Mastiff Contracting, LLC*, No. SACV 14-1354-DOC (ANx), 2014 WL 12855835, at *2-3 (C.D. Cal. September 26, 2014) ("Respondent received sufficient notice of this lawsuit, despite Petitioner's failure to strictly comply with Rule 4; [h]ere, Petitioner caused a copy of the summons, civil cover sheet, Petition, and notice of hearing to be emailed to Raymond Salem…the president…as well as a director and a 32% owner of [Respondent]"; "[t]he Court is satisfied based on these facts that Respondent Mastiff received sufficient notice of the Petition and that service was made in substantial compliance with Rule 4(h)(B)"); *see also Matter of Lauritzen Kosan Tankers (Chem. Trading, Inc.)*, 903 F. Supp. 635, 637 (S.D.N.Y. 1995) (although "Rule 4 indicates that [claimant's] service of process on [respondent's] New York attorney did not constitute adequate service….[c]onsiderations of fairness…may excuse that failure [if the complaining party has actually received notice and the case involves arbitration proceedings]….[i]n the present case, [respondent] actually received notice through its attorney and no injustice results from giving effect to that notice"); *Gronager v. Gilmore Sec. & Co.*, No. 93 CIV. 1484 (LMM), 1993 WL 212749, at *2 (S.D.N.Y. June 11, 1993) (where noncitizen

respondent  conceded that it received the pleading by express mail, "[n]otice of the motion was, therefore, served upon respondent and its attorney within three months after the Award was filed or delivered in compliance with section 12 of the Act"; "[s]trict conformity with the provisions of Rule 4 of the Federal Rules of Civil Procedure is not required in every instance").

### c.  **A declaration that Respondent was properly served is appropriate under these circumstances.**

Federal courts have granted motions to declare parties served with process where diligence in attempting to serve defendant is shown. *See United States v. Shiffman*, No. 6:20-cv-1747-PGB-DCI, 2021 WL 4208697, at *1, 4 (M.D. Fla. April 16, 2021 (granting plaintiff's motion for order declaring that defendant was properly served with process where plaintiff; (i) "made 10 attempts to personally serve defendant which includes 7 attempts through a private process server and 3 attempts through the United States Marshals Service"; and (ii) plaintiff "undertook a diligent effort to serve defendant, demonstrated that defendant is evading service, and complied with Florida Statutes section 48.161"); *United States v. Brenes*, No. 4:20-cv-10007-KMM, 2020 WL 8994925, at *1-2 (S.D. Fla. July 23, 2020) (granting plaintiff's motion for order declaring that defendants were properly served with process where plaintiff exercised due diligence in attempting to serve defendants through the unsuccessful use of: (i) two different process serving companies; (ii) the Miami-Dade Police Department; and (iii) the Monroe County Sheriff's Office); *cf. Ideavillage Prod. Corp. v. A1559749699-1*, No. 1:20-CV-04679-MKV, 2020 WL 4248508, at *3, 5 (S.D.N.Y. July 21, 2020) (authorizing alternative service by electronic means where "[s]ervice on defendants via electronic means is reasonably calculated to result in proper notice to defendants").

Here, Claimant has undoubtedly demonstrated diligence in its efforts to serve Respondent with the Application to Confirm Arbitration Award and Summons.  Less than a month after the Arbitration Panel issued its Arbitration Award on April 1, Claimant filed its Application to

11

Confirm Arbitration Award. *See* Statement of Facts, above. A private process server unsuccessfully attempted to serve Respondent with the Application to Confirm Arbitration Award and Summons following the filing of the Application to Confirm Arbitration Award on April 30, 2021. *See id.* On June 7, 2021, Claimant obtained two additional addresses for Respondent by the use of a paid skip trace search. *Id.* On June 15, 2021 Claimant successfully served Respondent's President Jaime Delahunt with the Application to Confirm Arbitration Award and Summons by private process server at one of these new addresses. *Id.* This constituted proper service under Federal Rule of Civil Procedure 4(h)(1)(B) (emphasis added) (A corporation "must be served…by delivering a copy of the summons and of the complaint ***to an officer***, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process…).

In July 2021, out of an abundance of caution, Claimant additionally arranged to have the U.S. Marshal attempt service of the Application to Confirm Arbitration Award and Summons upon Respondent. *See* Statement of Facts, above. After having a number of communications with the U.S. Marshal, Claimant was notified on September 24, 2021 that the third and final attempt by U.S. Marshal to serve Respondent was unsuccessful. *Id.* On October 6, 2021, a U.S. Marshal Process Receipt and Return was filed on the Court docket, reflecting the three unsuccessful service attempts. S*ee* Filed Re-Issued Summons Returned Unexecuted [Doc. No. 15, PageID# 594].

Accordingly, the unsuccessful process of attempting service three times took the U.S. Marshal over two-and-a-half months. *Id.* These protracted efforts to effectuate service by the U.S. Marshal have seriously jeopardized the "twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Landau*, 922 F.3d at 498. Under these circumstances, ***where Respondent has already been served in conformity with Fed. R. Civ. P. 4 by a private process server, and the U.S. Marshal's office, over the courts of two and a half***

*months, made three unsuccessful attempts to serve Respondent*, requiring the U.S. Marshal to serve Respondent would frustrate the Federal Arbitration Act's "policy of rapid and unobstructed enforcement of arbitration agreements." *Amazon.com, Inc.*, 2017 WL 3424976, at *4 (*citing Moses H. Cone*, 460 U.S. at 23) ("[r]equiring an FAA petitioner to effect service on nonresident respondents via United States Marshal—rather than by utilizing the menu of otherwise satisfactory options under Federal Rule of Civil Procedure 4—would 'frustrate[] the [FAA's] policy of rapid and unobstructed enforcement of arbitration agreements'").

Here, because: (i) numerous federal courts have determined that the nonresident service requirement of 9 U.S.C. § 9 is satisfied by effectuating service under Federal Rule of Civil Procedure 4, including service through the use of a private process server; (ii) Claimant successfully served Respondent under Federal Rule of Civil Procedure 4(h)(1)(B), and, therefore the Court knows that Respondent *has received* the Application to Confirm Arbitration Award and Summons; and (iii) requiring Claimant to indefinitely continue its efforts to obtain service by the U.S. Marshal, incurring additional costs with each successive round of attempts, would frustrate the "policy of rapid and unobstructed enforcement of arbitration agreements," the Court should issue an Order declaring that Claimant was properly served with the Application to Confirm Arbitration Award and Summons for the purposes of the nonresident service requirement of 9 U.S.C. § 9.

**B.  The Court Should Grant Claimant's Application to Confirm Arbitration.**

**1.  Applicable law.**

The Second Circuit has recognized that "[n]ormally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or

corrected." *Seneca Nation of Indians v. New York*, 988 F.3d 618, 625 (2d Cir. 2021) (*citing D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)). "Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019).

Accordingly, "[i]t is well established that courts must grant an arbitration panel's decision great deference." *Krantz & Berman LLP v. Dalal*, 472 F. App'x 76, 78 (2d Cir. 2012) (*citing Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S,* 333 F.3d 383, 388 (2d Cir.2003)). "Even where explanation for an award is deficient or non-existent, we will confirm it if a justifiable ground for the decision can be inferred from the facts of the case." *Jefferies LLC v. Gegenheimer*, 849 F. App'x 16, 18 (2d Cir. 2021) (*citing T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010)).

"[T]he burden of proof necessary to avoid confirmation of an arbitration award is very high, and a district court will enforce the award as long as 'there is a barely colorable justification for the outcome reached.'" *Pfeffer v. Wells Fargo Advisors, LLC*, 723 F. App'x 45, 47 (2d Cir. 2018) (internal citation omitted). With respect to this "high" burden of proof, the "party moving to vacate the award has the burden of proof." *Mandell v. Reeve*, 510 F. App'x 73 (2d Cir. 2013) (*citing Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.,* 103 F.3d 9, 12 (2d Cir.1997)). Furthermore, this "barely colorable justification for the outcome reached" requirement applies even where the "court[] disagree[s] with [the arbitration award] on the merits." *See Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019); *Pfeffer*, 723 F. App'x at 47. In other words, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landau*, 922 F.3d at 498.

Where "nothing indicates that the award has been 'vacated, modified, or corrected,'" the district court "need only confirm that the arbitrator had 'some grounds on which to grant the damages spelled out in the Award.'" *Trustees+ of Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Cooperation Funds v. Drywall & Acoustics of Ne., Inc.*, No. 19-CV-4600 (NG)(RML), 2019 WL 5963689, at *3 (E.D.N.Y. Nov. 12, 2019) (*citing Trs. of the Local 807 Labor Mgmt. Health Fund v. Express Haulage Co.*, 2008 WL 4693533, at *5 (E.D.N.Y. 2008)).

**2.   The Court should confirm the Arbitration Award.**

Here, the Court should confirm the Arbitration Award for the following reasons:

**First**, while an arbitration award may be confirmed by the Court even where an explanation of an arbitrator's reasoning may be "deficient or non-existent," that is clearly not the case here, where a detailed explanation *was* provided here by the Arbitration Panel. *Jefferies LLC*, 849 F. App'x at 18. In the Arbitration Award, the Arbitration Panel, after considering "numerous and extensive exhibits in support of its claims at the hearing," found as follows:

> This dispute is about a project in Hoboken, NJ referred to as The Wonder Lofts ("the Project"). In connection with the Project, Claimant and Respondent entered into two subcontracts...one with a scope including concrete, CMU, masonry, and site work/earth work, and the other with a scope of masonry/brick repair. Eventually, Respondent, according to the testimony of Mr. Kevin Watts, Claimant's Project Manager, abandoned its work on the Project, leaving Claimant to complete it. To this day, the Project continues. There is no question that Respondent breached the subcontracts it entered into with Claimant causing it substantial damage, and the Panel so finds.

*See* Final Award at 2 [attached as Ex. B to Nucifora Decl.]. This explanation: (i) sets forth the key facts; and (ii) concludes that the two subcontracts were breached. Therefore, the Arbitration Panel provided significantly more than the "barely colorable justification for the outcome reached" [*Pfeffer*, 723 F. Appx. at 47] necessary to confirm the award, and the arbitration award should therefore be confirmed. *Id.*

15

**Second**, while all that is required is "some grounds" on which to grant the damages [*see Trs. of Empire State Carpenters Annuity,* 2015 WL 968125, at *7 (internal citation omitted)], the Arbitration Award clears this low hurdle with plenty of room to spare. The Arbitration Panel tabulated the damages based on the "testimony from Mr. Watts and extensive documentary evidence" presented by Claimant. *See* Final Award at 2 [attached as Ex. B to Nucifora Decl.]. The damages were set forth in several components:

    1.  **MDC Concrete Subcontract Damages**:

| MDC Concrete Summary | 2/24/2021 | |
| --- | --- | --- |
| MDC Contract Amount | | $7,678,660.00 |
| MDC Change Orders | | ($11,163,439.51) |
| Revised Contract Value | | ($3,484,779.51) |
| MDC Previously Paid | | $5,536,775.19 |
| Current Amount owed to Geis from MDC | | ($9,021,554.70) |
| Projected Amount to Complete (Sitework, D & E Roof, Punchlist Work) | | $977,355.88 |
| Projected MDC Deficit | | ($9,998,910.58) |

*Id.* at 2.

    2.  **MDC Masonry Subcontract Damages**:

| Masonry Summary | 2/24/2021 | |
| --- | --- | --- |
| MDC Contract Value | | $1,013,758.22 |
| MDC Change Orders - Cost to Complete | | ($774,114.36) |
| Revised Contract Value | | $239,643.86 |
| MDC Previously Paid | | $130,447.14 |
| Projected Amount to Complete (Balance of J&G Contract) | | $65,000.00 |
| MDC Deficit | | $44,196.72 |
| **Total Deficit Between Contracts** | | **($9,954,713.86)** |

*Id.* at 3.

### 3.   **Attorney's Fees Damages**

The Arbitration Panel found that attorney's fees were recoverable pursuant to Sections 9.17 and 18.3 of the subcontracts. *Id.* "Exhibit D and written exhibits supported by oral testimony from Claimant's counsel were admitted into evidence establishing that Claimant's attorney's fees total $45,139.75." *Id.* "The Panel finds that both the hourly rates charged and the amount of work done by Claimant's law firm were reasonable and necessary." *Id.* "Claimant, therefore, is entitled to recover its attorney's fees." *Id.*

### 4.   **Administration Fees**

In addition to the combined damages and attorney's fee award totaling $9,999,853.61, the Arbitration Panel also found that "[t]he administrative fees of the American Arbitration Association totaling $14,700.00 and the compensation of the Arbitrators totaling $7,277.50, shall be borne by Respondent." *Id.* "Therefore, Respondent shall reimburse Claimant the sum of $21,977.50, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimant." *Id.*

### 5.   **Interest**

The Arbitration Panel stated, "[t]he above sums are to be paid on or before ten (10) days from the date of this Award." *Id.* at 4. "Thereafter, interest shall accrue at the statutory rate then in effect." *Id.* The award was issued on April 1, 2021.  *See* 2021.04.01 Transmission Letter from AAA [attached as Ex. A to Nucifora Decl.]. Accordingly, Claimant is entitled to interest at the statutory rate then in effect from **April 11, 2021** to the present.

Accordingly, for all of these reasons, the Court should enter an Order: (i) granting the Application to Confirm Arbitration Award in the principal amount of **$10,021,831.10** along with

"interest…at the statutory rate then in effect" starting on **April 11, 2021**; and (ii) entering a judgment in favor of Claimant and against Respondent in the same amount.

## IV.    CONCLUSION

For the reasons set forth above, Claimant respectfully requests that the Court grant this Motion and enter an Order: (a) declaring that Respondent MDC Home Improvements, Inc. was properly served with the Application to Confirm Arbitration Award and Summons for the purposes of the nonresident service requirement of 9 U.S.C. § 9; (b) granting the Application to Confirm Arbitration Award in the principal amount of **$10,021,831.10** along with "interest…at the statutory rate then in effect" starting on **April 11, 2021**; and (c) entering a judgment in favor of Claimant and against Respondent in the same amount.

Dated: October 7, 2021                          Respectfully Submitted,

                                                 */s/ Christopher Nucifora*
                                                 Christopher Nucifora (NY No. 5473384)
                                                 **Kaufman Dolowich Voluck LLP**
                                                 25 Main Street, Suite 500
                                                 Hackensack, New Jersey 07601
                                                 Phone: (201) 488-6655
                                                 Fax: (201) 488-6652
                                                 Email: cnucifora@kdvlaw.com

                                                 and

                                                 Charles W. Pugh (Ohio Bar No. 0078145)
                                                 Aaron S. Evenchik (Ohio Bar No. 0073809)
                                                 **HAHN LOESER & PARKS LLP**
                                                 200 Public Square, Suite 2800
                                                 Cleveland, Ohio 44114
                                                 Phone: (216) 621-0150
                                                 Fax: (216) 241-2824
                                                 Email: cpugh@hahnlaw.com
                                                         aevenchik@hahnlaw.com

*Counsel for Claimant Geis Construction South, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing was filed electronically on October 7, 2021.

Notice of this filing will be sent on October 7, 2021 to Respondent via regular U.S. mail and email:

> MDC Home Improvements, Inc.
> c/o Jaime Delahunt
> 1 Argyle Road
> Plainview, NY 11803
>
> jaimemdc@gmail.com

> /s/ *Christopher Nucifora*
> *One of the Attorneys for Claimant Geis Construction*
> *South, LLC*

20