**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
GEIS CONSTRUCTION SOUTH, LLC,

                              Claimant,              **REPORT AND RECOMMENDATION**

                                                                    2:21-CV-02407 (LDH) (ST)

    v.

MDC HOME IMPROVEMENTS, INC.

                              Respondent.
-----------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

       Claimant Geis Construction South, LLC ("Geis" or "Claimant") commenced this action to confirm an arbitration award against Respondent MDC Home Improvement Inc. ("MDC" or "Respondent"). To date, MDC has not answered or otherwise responded to the Complaint. Before this Court is Claimant's motion to seek a declaration that MDC was properly served with the Summons and the Application to Confirm Arbitration Award; and to confirm the arbitration award against MDC.

       The Honorable LaShann DeArcy Hall referred Claimant's Motion to the undersigned to issue a Report and Recommendation. For the reasons states below, this Court respectfully recommends that Claimant's Motion be GRANTED.

      **I.**      **BACKGROUND**

       Claimant is a construction company with its principal place of business in Ohio. *See* Geis App. to Confirm Arbitration Award ("Geis App.") ¶ 1, DE 1.

       Respondent is a construction company with its principal place of business in New York. *Id.* at ¶ 2. Respondent's President is Jaime Delahunt. *See* Cl.'s Mem. of Law at 3, DE 16.

The underlying case involves contractual disputes between the parties arising out of Geis's Wonder Lofts Project ("the Project") in Hoboken, New Jersey. *See* Geis App. ¶ 3. In 2019, Geis entered into two subcontracts with MDC (collectively, "Subcontracts"), wherein MDC agreed to perform brick, concrete, and similar masonry work on the Project. *Id.* The first Subcontract was signed in June 2019 and the second Subcontract was signed in October 2019. *Id.* Mr. Delahunt signed both the Subcontracts on behalf of MDC. Geis App., Ex. A and B, DE 1. Each Subcontract included an arbitration clause which provided that all claims, disputes, and breaches arising out of the Subcontracts are to "be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association." Geis App. at ¶ 4.

### A. Arbitration Award against MDC

Multiple disputes related to the Project subsequently arose between Geis and MDC. *Id.* ¶ 5. On May 14, 2020, Geis initiated arbitration against MDC with the American Arbitration Association. *Id.* ¶ 6. MDC did not appear at or otherwise participate in the Arbitration hearing. *Id.* ¶ 8; *see also* Geis App., Final Award at 1-2, Ex. C, DE 1.

On April 1, 2021, the arbitration proceedings were concluded, and an Award was rendered by the panel. The arbitration panel held, among other things, that "Respondent was properly served with Claimant's Demand for Arbitration." *See* Geis App., Final Award at 2, Ex. C, DE 1. The panel found that "[t]here is no question that Respondent breached the [S]ubcontracts it entered into with Claimant causing substantial damage". *Id.* Accordingly, the arbitration panel awarded Geis with damages of $9,954,713.86, attorney's fees of $45,139.75, fees and expenses of arbitration of $21,977.50, totaling up to $10,021,831.10. *Id.* at 2-4. The sum was to be paid "on or before ten (10) days from the date of this Award," with interest beginning to accrue if unpaid after that point. *Id.* at 4.

### B. The Related Action against MDC's President Delahunt[1]

On August 20, 2020, before the conclusion of arbitration and the initiation of this action, Geis filed a separate/related lawsuit against Mr. Delahunt, in his personal capacity, alleging that he fraudulently induced Geis into entering into the two Subcontracts (the "Related Action"). *Geis v. Delahunt*, 20-CV-3834 (E.D.N.Y.), DE 1. Mr. Delahunt was served on September 14, 2020 but did not initially appear in that action. *Id.*, DE 10.

When the arbitration concluded, Geis stated in its Status Report dated April 8, 2021, that it intended to "to promptly seek confirmation of this arbitration award in the U.S. District Court for the Eastern District of New York." *Id.*, DE 12. Geis also explained that it further intended "to seek consolidation of the arbitration confirmation action with the [fraudulent inducement] action" given the related nature of the lawsuits. *Id*. Geis has not yet made any motion to that end. Instead, on April 26, 2021, Geis commenced the instant action to confirm the Award against MDC.

Meanwhile, the Clerk entered a default against Mr. Delahunt in the Related Delahunt Action on April 14, 2021. *Id.*, DE 14. On December 2, 2021, the Honorable James Wicks granted the default judgment as to Mr. Delahunt's liability but denied Geis' request to establish damages without a damages hearing. *Id.*, DE 19. Judge Wicks ordered Geis to serve the Report & Recommendation ("R&R") on Delahunt via first-class mail and email, following which, Mr. Delahunt promptly appeared on December 10, 2021 and moved to vacate the judgment against him. *Id.*, DE 21, 22.

### C. The Instant Action against MDC[2]

On April 30, 2021, Geis commenced this lawsuit to confirm the Award rendered by the arbitration panel on April 1, 2021. Geis App., DE 1. Geis served the process upon MDC on

---

[1] *Geis Construction South, LLC v. Jamie Delahunt*, No. 2:20-CV-3834 (E.D.N.Y. 2020)
[2] *Geis Construction South, LLC v. MDC Hoke Improvements, Inc.*, No. 2:21-CV-2407 (E.D.N.Y. 2021)

3

several occasions: First, around May 2021, Claimant retained a private process server to serve Respondent with the Application to Confirm Arbitration Award and the Summons. *See* Cl.'s Mem. of Law at 3; *see also* Summons Issued to MDC, DE 5. This service attempt was allegedly unsuccessful. *Id*.

Second, in June 2021, Claimant obtained additional addresses for Respondent through the use of a "paid skip-trace search". *See* Cl.'s Mem. of Law at 3. Claimant then served MDC with the Application to Confirm Arbitration Award and Summons at the following address: 1 Argyle Road, Plainview, NY 11803, which is the same address where Claimant served Delahunt with the R&R in the Related Action (following which Mr. Delahunt made an appearance). *Id*.; *see* Aff. of Service, DE 11. This service attempt was allegedly successful. *See* Cl.'s Mem. of Law at 3.

Third, out of an abundance of caution in July 2021, Claimant also arranged to have the U.S. Marshal's Office in the Eastern District of New York ("U.S. Marshal") serve the Application to Confirm Arbitration Award and Summons upon Respondent pursuant to the Federal Arbitration Act requirements. *See* 9 U.S.C.§ 9. Claimant allegedly incurred approximately $600 in this unsuccessful service effort. *See* Cl.'s Mem. of Law at 3. The U.S. Marshal's Office made three unsuccessful attempts to serve MDC in September and October of 2021. *Id*.; *see* Summons Re-Issued Returned Unexecuted, DE 15. Accordingly, this service attempt was also unsuccessful. *Id*.

Last, in October 2021, Claimant arranged for a second time to have the U.S. Marshal's Office serve MDC, which allegedly caused Claimant to incur further costs. *See* Nucifora's Supp. Decl. at 3, DE 19. In January 2022, U.S. Marshal made three additional unsuccessful attempts to serve MDC. *Id*. As a result, this service attempt was also unsuccessful. *Id*.

On October 7, 2021, Geis moved for a judgment to confirm the arbitration Award. DE 16.

In February 2022, Geis filed a supplemental declaration but did not provide any information or even mention the Related Action. *See* Nucifora Decl., DE 19.

## II. LEGAL STANDARD

Ordinarily, "the confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Laundry, Dry Cleaning Workers & Allied Industries Health Fund, Unite HereA v. Jung Sun Laundry Group Corp.*, 2009 WL 704723 at 4 (E.D.N.Y. Mar. 16, 2009); *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir.1984) (citations omitted). Accordingly, an arbitration award should be enforced, "unless the opposing party shows that the award was based on a manifest disregard for the law [,]" *Trs. of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F.Supp.2d 426, 428–29 (S.D.N.Y.2008) (citing *Wilko v. Swan*, 346 U.S. 427, 436–37, 74 S.Ct. 182, 98 L.Ed. 168 (1953)), and "the showing required to avoid confirmation is very high." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir.2006) (citing *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir.1997)).

The Second Circuit has previously held that "default judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair*, 462 F.3d at 109; *see also Laundry,* 2009 WL 704723, at 3. Since a petition to confirm an arbitration award typically is accompanied by a record, the Second Circuit advised the district courts that they should treat an unanswered petition to confirm an arbitration award "as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110. As in the summary judgment context, the lack of a response [to a petition to confirm an arbitration award] does not justify a default judgment because, even where a non-moving party fails to respond ..., a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material

5

issue of fact remains for trial." *Id*. at 109–10 (quoting *Vermont Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir.2004)). The lack of a response does, however, weigh against the non-moving party. *See Id*. at 109.

### III.  DISCUSSION

#### A.  Respondent MDC was Properly Served

Claimant served MDC on several occasions. MDC has not appeared or otherwise argued that the service of process was improper.

Section 9 of the Federal Arbitration Act provides in relevant part, as follows:

> If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9. The phrase "in like manner as other process of the court" included in the Federal Arbitration Act refers to Rule 4 of the Federal Rules of Civil Procedure. *Reed & Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268, 1277 (2d Cir.1971). According to Rule 4, a domestic corporation must be served either by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process". Fed.R.Civ.P. 4(h)(1)(A) and (B); Fed.R.Civ.P. 4(e)(1). New York Business Corporation Law § 306 also designates "the secretary of state as agent of a domestic or authorized foreign corporation." N.Y. Bus. Corp. Law § 306.

Here, Claimant's arrangement to have the U.S. Marshals serve the Application to Confirm Arbitration Award and Summons upon Respondent pursuant to the Federal Arbitration Act was

6

unsuccessful. *See* Cl.'s Mem. of Law at 3. However, upon a review of the docket in the instant action (21-CV-2407) as well as the related action (20-CV-3834), it is evident that Mr. Delahunt has actual notice of both the actions. Given that the Mr. Delahunt has moved to vacate the judgment entered against him in his personal capacity in the Related 2020 Action, he obviously has notice of that action. *See* Related Action, *Geis v. Delahunt*, No. 2:20-CV-3834 (E.D.N.Y.), DE 21, 22. Mr. Delahunt, as an authorized/managing agent also has notice of the instant lawsuit because on May 4, 2021, the docket in the Related 2020 Action was updated with a "Notice of Related Case", which is the instant case. *Id*., DE 18. Moreover, Mr. Delahunt was served with the prior R&R via email and regular U.S. mail at 1 Argyle Road, Plainview NY 11803, following which he made an appearance to vacate the judgment on the grounds that Claimant did not include MDC as necessary party and that Mr. Delahunt should not be sued in his personal capacity. *Id*., DE 20. Mr. Delahunt did not deny service or argue that this address was improper. Similarly, in this case too, MDC was served with the process at the same address at 1 Argyle Road, Plainview NY 11803. *See* Aff. of Service, DE 11.

    Accordingly, even though it appears that Claimants did not strictly comply with Rule 4 requirements, considerations of fairness excuse the adequacy of service if the complaining party has actually received notice and the case involves arbitration proceedings. *Matter of Lauritzen Kosan Tankers (Chemical Trading, Inc.)*, 903 F.Supp. 635, 636 (S.D.N.Y. 1995) (denying the respondent's motion to dismiss a petition to confirm an arbitration award despite defects in service of process when petitioner "actually received notice through its attorney and no injustice results from giving effect to that notice"). This is because under the Federal Arbitration Act, the "standards for service are liberally construed." *Aksman v. Greenwich Quantitative Research LP*, 563 F.Supp.3d 139, 151 (S.D.N.Y. 2021) citing *Townsend v. Merrill Lynch Pierce, Fenner &*

*Smith, Inc.*, No. 18 Civ. 5939 (AJN), 2019 WL 4511696, at 2 (S.D.N.Y. Sept. 19, 2019) (citations omitted). *See also Vidaplan, S.A., Inc. v. Cipriani International, S.A.*, Case No. 06-CV-4930 (KMK), 2006 WL 8461283 at 6 (S.D.N.Y. Aug. 7, 2006) ("the Court excuse[d] any potential defect in service and refuse[d] to dismiss the action for improper service" because the respondent had actual notice of the confirmation proceedings); *In re InterCarbon Bermuda, Ltd. v. Caltex Trading and Transp. Corp.*, 146 F.R.D. 64, 68 (S.D.N.Y.1993) ("defects in service of process may nevertheless be excused where considerations of fairness so require, at least in cases that arise pursuant to arbitration proceedings"); *See Alpha Omega Tech., Inc.*, 1994 WL 37787, at 1 ("[I]mperfect service of process in an arbitration case may not be fatal where jurisdiction over the arbitration is clear and where notice is sufficient to apprise the opposing party of the action being taken.").

Thus, this Court respectfully recommends that service upon MDC be considered proper.

### B. Arbitration Award against Respondent MDC should be Confirmed

"[A] party's default ... is not considered an admission of damages." *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (1992). To establish damages upon a default, the movant needs to prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Id*. at 159.

In the context of an arbitration award, however, a court's review of the award is "'severely limited' so as not to frustrate the goals of arbitration—namely, to settle disputes efficiently and avoid long and expensive litigation." *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds v. Overhead Door Co. of Erie County*, No. 12–CV–5652 (JS)(WDW), 2013 WL 4807087 at 5-6 (E.D.N.Y Sept. 9, 2013) (citations omitted). "Normally, confirmation of an arbitration award is a summary

proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110.

"Accordingly, the showing required to avoid summary confirmation of the award is very high." *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds*, 2013 WL 4807087 at 6. "The arbitrator's rationale for an award need not be explained, and the award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case. *Id.*; *D.H. Blair*, 462 F.3d at 110. Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *Id*. at 110. Thus, "in evaluating plaintiff's petition to confirm the result of the arbitration, the Court need only ensure that the arbitrator had some grounds on which to grant the damages spelled out in the Award." *Trustees of the Local 807 Labor Mgmt. Health Fund v. Express Haulage Co.*, No. 07 CV 4211(NG)(CLP), 2008 WL 4693533, at 5 (E.D.N.Y. Oct.23, 2008).

Here, Claimant has submitted the declaration of attorney Christopher Nucifora, the arbitrator's Award, copies of both Subcontracts, and affidavits of service. As such, Claimant has met its burden of demonstrating that there are no genuine issues of material fact. Respondent has neither appeared nor otherwise submitted an opposition against the confirmation of this Award. Further, in support of their findings, the arbitration panel relied on the testimonies of Claimant's employees, the two Subcontracts, and other documentary evidence. Geis App., Final Award at 2, Ex. C, DE 1. Based upon the evidence available to them, the panel concluded that Respondent abandoned the Project and breached its contractual obligations. *Id*. The panel then awarded Geis with damages of $9,954,713.86, attorney's fees of $45,139.75, fees and expenses of arbitration of $21,977.50, totaling up to $10,021,831.10. *Id.* at 3-4. The panel further held that the sum was to

be paid "on or before ten (10) days from the date of this Award," with interest beginning to accrue if unpaid after that point. *Id.* at 4.

In sum, the panel's reasoned findings provide more than a "barely colorable justification for the outcome reached." *Landy Michaels Realty Corp.*, 954 F.2d at 797 (internal quotation marks and citation omitted). Accordingly, the arbitration Award should be confirmed as a matter of law. Moreover, Respondent has made no showing to the contrary, which tilts the balance in favor of Claimant in this case. *D.H. Blair*, 462 F.3d at 109 (noting that the failure to respond to a motion to confirm an arbitration award weighs against the non-moving party).

Thus, having construed Claimant's motion as a motion for summary judgment to confirm the arbitration Award, this Court respectfully recommends that the Award be confirmed, and that judgment be entered against Respondent in the amount of $10,021,831.10.

### IV.     CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that service upon MDC be considered proper, and that the arbitration Award against MDC in the amount of $10,021,831.10 be confirmed.

### V.     OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*,

10

No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
August 29, 2022

11